**Nicholas R. SALERNO, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRATION, Respondent.**

No. 03–3213.

United States Court of Appeals, Federal Circuit.

DECIDED: June 5, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

We treat the letter received on February 26, 2003 as a motion for reconsideration of this court's rejection of Nicholas R. Salerno's August 21, 2000 petition for review as untimely.

On June 14, 2000, the Merit Systems Protection Board issued its final order in Salerno's case. A printout from the Board's case management system indicates that Salerno received a copy of the Board's final order by certified mail on June 17, 2000. This court received a petition for review from Salerno's counsel on August 21, 2000. On August 29, 2000, this court

rejected the petition for review as untimely.

In his motion, Salerno (with new counsel) states that Salerno was not notified by his previous counsel that his petition for review had been rejected. Eventually, Salerno contacted the clerk's office and, per his request, this court mailed Salerno another letter on May 30, 2002 (with a copy of the August 29, 2000 letter) explaining that his petition was rejected as untimely. More than eight months later, Salerno submitted the present letter requesting that this court reconsider the rejection of his untimely petition for review.

We deny Salerno's request on two separate grounds. First, Salerno waited significantly too long to request reconsideration. The rejection of his petition was on August 29, 2000. Salerno is of course bound by the actions of his previous counsel. Even if he were not, after being personally notified in May 2002, Salerno waited approximately eight additional months before requesting reconsideration. Second, Salerno's petition for review was untimely. Salerno notes that his petition stated that he received the Board's final order on June 28, 2000, which would have made his petition timely because the petition would have been received by this court within 60 days of the date of his receipt of the Board order. 5 U.S.C. 7703(b)(1). However, as noted above, the Board's case management system indicates that Salerno received the Board's final order by certified mail on June 17, 2000. Thus, the petition for review received by the court on August 21, 2000 was received 65 days after Salerno's receipt of the Board's final order and was properly rejected as untimely. *Pinat v. Office of Personnel Management,* 931 F.2d 1544, 1546 (Fed.Cir.1991) (court must dismiss petition if received after due date).

Accordingly,

IT IS ORDERED THAT:

Salerno's motion is denied and his petition for review is dismissed.